FILED

JUL 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDRE L. HOCHSTRASER, | No. 13-16703 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-02481-SI |
| v. | |
| JEFFREY BEARD,[*] | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted July 22, 2014[***]

Before:      GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Alexandre L. Hochstraser appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition.  We have

---

[*]      Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jeffrey
Beard is substituted for his predecessor, Matthew Cate, as Secretary of the
California Department of Corrections and Rehabilitation.

[**]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253. We review a district court's denial of a habeas corpus petition de novo, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

Hochstraser contends that there was insufficient evidence of premeditation, deliberation, or willfulness to support his conviction for first-degree murder. The California Supreme Court's rejection of Hochstraser's claim was not contrary to, or an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979). *See* 28 U.S.C. § 2254(d)(1); *Coleman v. Johnson*, 132 S. Ct. 2060, 2062, 2065 (2012) (per curiam). In light of the evidence presented at trial, and in particular the testimony regarding Hochstraser's statements about the victim prior to the murder, the state court reasonably concluded that, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found" Hochstraser harbored the requisite intent. *See Jackson*, 443 U.S. at 319.

We construe Hochstraser's additional argument as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

13-16703